KEENE

*v.*

ALLEN L. MARTIN & a.,

*As Trustees of Trust Funds of City of Keene.*

*Kenneth J. Arwe*, city solicitor, for the city of Keene, filed no brief.

*Harry C. Lichman* (by brief and orally), for the Carillonic Bells Committee.

*Philip H. Faulkner* and *Francis F. Faulkner* (*Mr. Francis F. Faulkner* orally), for the trustees of Keene public library.

The trustees of trust funds for the city of Keene, filed no brief.

*Ernest R. D'Amours*, Director of Charitable Trusts, for and in behalf of the Attorney General, filed no brief.

KENISON, J. The provision in the third clause of the Symonds will for "a set of chime bells" on the public library building "or some other in the city" constitutes a charitable trust. 2 Bogert, Trusts, *s.* 375, *n.* 50. The failure of the testator to specify the amount to be

spent for the chimes or the kind to be acquired did not render the gift indefinite or invalid as a charitable trust. *Crawfordsville Trust Co.* v. *Elston Bank & Trust Co.*, 216 Ind. 596.

Although a valid charitable gift was made in 1885, no chimes have yet been established on any building in the city of Keene. Several reasons are advanced why the problem cannot be reviewed in this court at this time: (1) The city of Keene has taken no vote to expend $3,000 for that purpose; (2) the petition is a collateral attack on the Superior Court decree of 1909 and cannot be permitted; (3) the chime bells must be established on a public building and cannot be placed on a church; (4) the carillonic bells are not such "chime bells" as were intended by the testator. While the first objection is the only one that has any substantial merit, it follows that this opinion has only the force of *dicta* until such time as the city authorities vote to expend $3,000 from the Symonds fund for the purpose of establishing carillonic chimes on the church building.

In *Keene* v. *School District*, 89 N. H. 477, 482, the rule was laid down that a municipal fiduciary could obtain judicial instructions only in respect to a vote "for an expenditure of the fund or some part of it for some purpose designated by the vote." The primary purpose of this rule is to require the fiduciary to exercise his discretion as to the use of the trust fund in the first instance before obtaining approval in advance of exercising the discretion. If the rule was applied literally in all cases, it might compel the fiduciary to exercise its discretion in doubtful cases before having any idea whether the proposed expenditure was valid. The practical difficulty of this rule was mitigated in part by *Reed* v. *School District*, 91 N. H. 209, which permitted a municipal fiduciary to make the vote subject to a ruling of the court that it was legal. The rule was further relaxed in *Petition of Simpson*, 89 N. H. 550, where the municipal fiduciaries were allowed to obtain instructions concerning the mechanics of administering the trust even though no vote had been taken for any expenditure of money. The avoidance of delay and subsequent litigation constitutes sufficient reason to pass on the questions presented in this case, although they are not strictly permitted by the first *School District* case, *supra*.

While the city is protected by all actions taken under the 1909 decree (*Duncan* v. *Bigelow, ante*, 216), the decree does not preclude the proposal set forth in the present petition. It is doubtful "if the principle of *res judicata*" is "strictly applicable" (*McAllister* v. *Elliot*, 83 N. H. 225, 227) to decrees allowing a deviation or a *cy pres* application of charitable trusts. *Manufacturers Nat. Bank* v. *Woodward*, 141

Me. 28. When conditions change, the former decree may be modified to meet the changed circumstances even though the fiduciaries are protected by all actions taken under the former decree. See *Pittsfield Academy* v. *Attorney General*, 95 N. H. 51, 53. In the present case, the decree of 1909, which constituted a deviation from the provisions of the Symonds bequest, does not preclude a present decree which will carry out the original purpose of the bequest. It is doubtful if the 1909 decree was intended to pass on the question of establishing chimes, inasmuch as no reference was made to it in the decree. At that time, it appears that the library building was not structurally adapted to the installation of chimes but this does not prevent installation of such chimes on a building suited for that purpose.

The testator did not specify that the chimes should be on a public building in the event they were not placed upon the library building. There appears to be no objection to their installation on the church building which meets the requirements of the will that it be within the city.

The installation of carillonic bells is a sufficient approximation to "a set of chime bells" considering the present amount of the bequest. Any other type of chimes would practically deplete the present Symonds fund and prevent its use for public library purposes in accordance with the testator's directions.

As we understand the case, the municipal officers of the city of Keene have taken no position on the present petition. The Director of Charitable Trusts has filed no brief but concurs in the arguments set forth by the Carillonic Bells Committee. If there is a vote of the municipal authorities to expend $3,000 from the Symonds fund, it will effectuate the original purpose of the donor and be a legal expenditure from the fund. Whether or not the city decides to make this expenditure is one that lies in its discretion or that of its trust officers, since there is no proceeding, pending or contemplated, to compel such expenditure of money. *Cf. Hills* v. *D'Amours*, 95 N. H. 130, 150.

*Case discharged.*

All concurred.